UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:16-CV-11584

THOMAS JACQUES,

Plaintiff,

v.

CITY OF ATTLEBORO, CITY OF ATTLEBORO SCHOOL COMMITTEE, KENNETH SHEEHAN, INDIVIDUALLY AND AS SUPERINTENDANT OF SCHOOLS FOR THE CITY OF ATTLEBORO, JOSEPH CONNOR, INDIVIDUALLY AND AS VICE PRINCIPAL OF ATTLEBORO HIGH SCHOOL, JEAN HICKOX, INDIVIDUALLY AND AS DEAN/VICE PRINCIPAL OF ATTLEBORO HIGH SCHOOL, WILLIAM RUNEY, INDIVIDUALLY AND AS PRINCIPAL OF ATTLEBORO HIGH SCHOOL, SCOTT JOHNSON, INDIVIDUALLY AND AS PRINCIPAL OF HILL-ROBERTS ELEMENTARY SCHOOL, AND ALEXANDRIA SMITH, INDIVIDUALLY,

Defendants.

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF THE DEFENDANTS, CITY OF ATTLEBORO, KENNETH SHEEHAN, INDIVIDUALLY AND AS SUPERINTENDENT OF SCHOOLS FOR THE CITY OF ATTLEBORO, JOSEPH CONNOR, INDIVIDUALLY AND AS VICE PRINCIPAL OF ATTLEBORO HIGH SCHOOL, JEAN HICKOX, INDIVIDUALLY AND AS DEAN/VICE PRINCIPAL OF ATTLEBORO HIGH SCHOOL, WILLIAM RUNEY, INDIVIDUALLY AND AS PRINCIPAL OF ATTLEBORO HIGH SCHOOL, SCOTT JOHNSON, INDIVIDUALLY AND AS PRINCIPAL OF HILL-ROBERTS ELEMENTARY SCHOOL**

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, in that the defendants have no obligation to pay the plaintiff any amount of the loss or damages alleged.

## THIRD AFFIRMATIVE DEFENSE

The defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School (hereinafter "defendants") respond to the allegations in the plaintiff's Complaint as follows:

## INTRODUCTION

1. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

## JURISDICTION AND VENUE

2. The defendants neither admit nor deny the allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

3. The defendants neither admit nor deny the allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading

is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

## PARTIES

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

5. The defendants admit the allegations contained in this paragraph.

6. The defendants admit the allegations contained in this paragraph.

7. The defendants admit that Kenneth Sheehan was the Superintendent of Schools, but the defendants neither admit nor deny the remaining allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same

8. The defendants admit that Joseph Connor was the Vice Principal of Attleboro High School, but the defendants neither admit nor deny the remaining allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same

9. The defendants admit that Jean Hickox was the Dean and/or Vice Principal of Attleboro High School, but the defendants neither admit nor deny the remaining allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate

or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same

10. The defendants admit that William Runey served as Principal of Attleboro High School, but the defendants neither admit nor deny the remaining allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same

11. The defendants admit that Scott Johnson served as Principal of Hill-Roberts Elementary School, but the defendants neither admit nor deny the remaining allegations contained in this paragraph of the plaintiff's complaint because they call for a legal conclusion to which no responsive pleading is required. To the extent that the allegations are intended to relate or pertain to the defendants, the defendants deny the allegations, deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## **FACTS**

13. The defendants admit that Mr. Jacques was a media arts teacher, but deny he was a media arts teacher at all times relevant to the Complaint.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

16. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

17. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

18. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

19. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

20. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

21. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

22. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

23. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

24. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

25. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

26. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

27. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

28. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

29. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

30. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

31. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

32. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

33. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

34. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

35. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

36. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

37. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

38. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

39. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

40. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

41. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

42. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

43. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

44. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

45. The defendants admit the allegations contained in this paragraph.

46. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

47. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

48. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

49. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

50. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

51. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

52. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

53. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

54. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

55. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

56. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

57. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

58. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

59. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

60. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

61. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

62. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

63. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

64. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**CAUSE OF ACTION**
**COUNT I**
**Massachusetts Whistleblower Act, G.L. c.149, §§185 et seq.**
**(Against the City of Attleboro and Attleboro School Committee)**

65. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 64 of the plaintiff's Complaint as if fully set forth herein.

66. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

67. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

68. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

69. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT II**
**Massachusetts Civil Rights Act, G.L. C. 12, §§11 H-I**
**(Against Sheehan, Connor, Hickox, Runey and Johnson)**

70. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 69 of the plaintiff's Complaint as if fully set forth herein.

71. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

72. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

73. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

74. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

75. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

## COUNT III
## 42 U.S.C. §1983 – Monell Liability
## (Against City of Attleboro and Attleboro School Committee)

76. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 75 of the plaintiff's Complaint as if fully set forth herein.

77. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

78. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

79. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

80. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

## COUNT IV
## Wrongful Termination in Violation of Common Law (Against City of Attleboro, Attleboro School Committee and Sheehan)

81. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 80 of the plaintiff's Complaint as if fully set forth herein.

82. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

83. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

84. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT IV**
**Defamation**
**(Against Smith)**

85. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 84 of the plaintiff's Complaint as if fully set forth herein.

86. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-

Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

87. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

88. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

89. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro,

Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

90. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

91. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-

Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

92. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

93. The defendants neither admit nor deny the allegations contained this paragraph because the allegations do not pertain to this defendant. The defendants further state that any allegations in this paragraph directly or indirectly pertaining to the defendants, City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School, are hereby denied and the defendants deny that the plaintiff is entitled to recovery in any amount from the defendants, and call upon the plaintiff to prove same.

**COUNT VI**
**Tortious Interference With Advantageous Relations**
**(Against Sheehan, Smith, Connor, Hickox, Runey and Johnson)**

94. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 93 of the plaintiff's Complaint as if fully set forth herein.

95. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

96. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

97. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

98. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

99. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT VII**
**Good Faith and Fair Dealing**
**(Against Sheehan, Runey, Connor, Hickox and Johnson)**

100. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 99 of the plaintiff's Complaint as if fully set forth herein.

101. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

102. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

103. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT VIII**
**Negligent Infliction of Emotional Distress**
**(Against Connor, Hickox, Smith, Sheehan, Runey and Johnson)**

104. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 103 of the plaintiff's Complaint as if fully set forth herein.

105. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

106. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

107. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

108. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT IX**
**Intentional Infliction of Emotional Distress**

**(Against Sheehan, Smith, Runey, Connor, Hickox and Johnson)**

109. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 108 of the plaintiff's Complaint as if fully set forth herein.

110. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

111. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

112. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

113. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

**COUNT X**
**Civil Conspiracy**
**(Against Sheehan, Runey, Connor, Hickox and Johnson)**

114. The defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 113 of the plaintiff's Complaint as if fully set forth herein.

115. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

116. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

117. The defendants deny the allegations contained in this paragraph, deny that the plaintiff is entitled to recovery in any amount from the defendants, and calls upon the plaintiff to prove same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the defendants request that the Complaint against them be dismissed and that they be awarded their costs, attorneys' fees and such other relief as this Court seems just and appropriate.

## AFFIRMATIVE DEFENSES

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they are immune from suit because of the doctrine of qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is barred from recovery, particularly as his Complaint seeks equitable relief, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are barred by the jurisdictional doctrines of collateral estoppel and res judicata.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's claims are barred insofar as the plaintiff consented to the actions of the defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the actions of the defendants, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

**NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that, at all times, the defendants acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

**TENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants say that the action is barred by the applicable statutes of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff by his conduct, or by the conduct of his agents or servants, has waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the actions of the defendants, at all times, was reasonable and undertaken with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional or statutory right.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the injuries and damage claimed by the plaintiff were caused by the acts of a third party, which acts defendants had no reason to anticipate and of which person the defendants had no control and are not responsible as a matter of law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the injuries and damage claimed by the plaintiff were the result of supervening and intervening causes unrelated to the conduct of the defendants, and the defendants therefore are not liable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff has failed to mitigate any claimed injury or damage, as required by law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's recovery against any or all of the defendants is barred pursuant to the provisions of M.G.L. c. 258, § 10.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claimed injuries or damages were caused, in whole or in part, by the plaintiff's violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims are barred since there is no evidence that the defendants acted recklessly or with callous indifference to the plaintiff's rights.

**NINETEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the Complaint must be dismissed for lack of service and/or insufficiency of service of process, in that the Complaint was not properly served on the defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is not eligible for punitive damages from the defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is not eligible for emotional distress damages from the defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state the alleged actions of the defendants were not calculated to cause damage to the plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff failed to exhaust administrative remedies prior to filing the present suit.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims are frivolous and not made in good faith, and the defendants therefore demand their costs and attorneys' fees pursuant to M.G.L. c. 231, §6F.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff was not terminated and, in fact, was offered a comparable position; therefore, there can be no interference with an advantageous relationship and no violation of the Massachusetts Whistle-Blower Act.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to the Massachusetts Whistle-Blower Act must fail because he was not subjected to adverse employment action or motives because of any protected activity.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions, at all times, were required in the interest of the public and the means used by the defendants were reasonably necessary for the accomplishment of this purpose and not unduly oppressive upon the plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims are barred since he failed to exhaust the available contractual remedies.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims pursuant to the Massachusetts Whistle-Blower Act must fail since the actions taken by the defendants were based on legitimate reasons and the alleged adverse employment action and they have no proximity to the plaintiff's alleged protected conduct.

**THIRTIETH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims pursuant to the Massachusetts Whistle-Blower Act must fail since there is no causal relationship between the alleged protected activity and any adverse employment action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants say that the defendants' conduct was justified in theory and practice by a legitimate bona fide interest.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims under the Massachusetts Whistle-Blower Act are barred because he failed to provide the defendants with proper notice of said claim.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the "Whistle-Blower" statute's exclusivity provision and therefore his other contractual, statutory and common-law claims are pre-empted.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff has failed to satisfy the statutory requirements and conditions precedent of the Massachusetts Whistle-Blower Act necessary to maintain this action.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims pursuant to the Massachusetts Whistle-Blower Act must fail since the plaintiff did not engage in any protected activity necessary to maintain this action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims pursuant to the Massachusetts Whistle-Blower Act must fail since the plaintiff did not have a reasonable belief the defendants engaged in any wrongful, illegal or illegitimate act.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim must fail since the defendants' actions were not arbitrary, irrational or unreasonable.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that any undisputed actions taken by the defendants in connection with the allegations in the Complaint were justified and required by considerations of public health, safety, and welfare.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is estopped from recovering in this action by way of his own conduct.

**FORTIETH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff has not set forth an actionable claim against the defendants since he is not subject to individual liability.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff's claim must fail since there is no evidence that the defendants aided, abetted, invited, compelled or coerced the doing of any acts forbidden under state law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants had no ulterior or illegitimate purpose, improper motive or means, and actual malice.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants could be construed as an employer and therefore plaintiff cannot pursue an intentional interference with an advantageous relationship against his own employer.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff is unable to recover since the defendants could be construed as an employer and therefore defendants are entitled to a conditional privilege relative to his intentional interference with an advantageous relationship claim.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that they are immune from liability for damages for any violation of the plaintiff's civil rights since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants did not deprive the plaintiff of a constitutionally protected liberty or property interest.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on a state or federal question.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff's claim must fail since there is no evidence that defendants aided, abetted, invited, compelled or coerced the doing of any acts forbidden under state law.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

The defendants states that the plaintiff is unable to recover since he cannot show actual damages.

**FIFTIETH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant, City of Attleboro, states that the plaintiff cannot show that a "policy or custom" caused the alleged constitutional deprivation.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to 42 U.S.C. §1983 cannot succeed because the plaintiff cannot demonstrate a deprivation of a federal constitutional or statutory right as a result of the defendants' actions under color of state law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the plaintiff's claim must fail since the plaintiff's claims against the defendant are based upon the defendants' alleged exercise or performance or a failure to exercise or perform a discretionary function or duty within the scope of his employment. The plaintiff's claims against the defendants are, therefore, barred by virtue of M.G.L. c. 258, § 10(b).

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

The defendants state that the plaintiff's negligence claims are barred against defendants by virtue of M.G.L. c. 258, § 2.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims must fail since the defendants' actions, at all times, were required in the interest of the public and the means used by the defendants were reasonably necessary for the accomplishment of this purpose and not unduly oppressive upon the plaintiff.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims because the plaintiff has an adequate post-deprivation remedy.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff has failed to allege any facts of a material nature which rise to the level of constitutional deprivations under M.G.L. c. 12, §11 H or I.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the defendant in his official capacity cannot be liable to the plaintiff pursuant to M.G.L. c. 12, §11 H or I since they are not "persons" within the meaning of the statute.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim pursuant to M.G.L. c. 12, § 11 H or I must fail since they did not deprive the plaintiff of constitutional or statutory rights by force, threat, intimidation or coercion.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed because the plaintiff cannot show conduct more than mere insults, indignities, threats, annoyances, petty oppressions or other trivialities to support his claims.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed because the defendants did engage in extreme and outrageous conduct.

**SIXTIETH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claim for Negligent Infliction of Emotional Distress must fail since plaintiff has not suffered any physical harm.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff's claims are barred by the Massachusetts Civil Rights Act's exclusivity provision.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state the plaintiff's claim for negligent infliction of emotional distress is barred pursuant to M.G.L. 258, §4 due to plaintiff's failure to comply with the prerequisite of presentment.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover in this action because he cannot show a combination of persons acting pursuant to an agreement to injure the plaintiff.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover because there was no contract between the plaintiff and a third-party which the defendants knowingly induced the third-party to break.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover because the plaintiff cannot show the defendants violated a clearly established public policy sufficient to prove his wrongful termination and good faith and fair dealing claim.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover because the plaintiff voluntarily resigned.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover because the plaintiff has voluntarily elected to pursue and recover permanent disability retirement benefits and was not terminated as he has alleged.

**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendants state that the plaintiff cannot recover because he was not subjected to intolerable work conditions necessary to establish a constructive discharge.

**JURY DEMAND**

THE DEFENDANTS DEMAND A TRIAL BY JURY.

The Defendants,
City of Attleboro, Kenneth Sheehan, Individually and as Superintendent of Schools for the City of Attleboro, Joseph Connor, Individually and as Vice Principal of Attleboro High School, Jean Hickox, Individually and as Dean/Vice Principal of Attleboro High School, William Runey, Individually and as Principal of Attleboro High School and Scott Johnson, Individually and as Principal of Hill-Roberts Elementary School

By Their Attorneys,

/s/ Gareth W. Notis

Gareth W. Notis, BBO #637814
gnotis@morrisonmahoney.com
Allison C. Goldberg, BBO #672979
agoldberg@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4821

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2016.

/s/ Gareth W. Notis

Gareth W. Notis